# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40938
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 29, 2018

Lyle W. Cayce
Clerk

PAUL DURISO,

Plaintiff - Appellant

v.

WEST GULF MARITIME ASSOCIATION; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION SOUTH ATLANTIC AND GULF COAST DISTRICT; LOCAL 21, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-411

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Paul Duriso appeals from the granting of summary judgment denying his claims against the International Longshoremen's Union (ILA), ILA Local 21, and the Western Gulf Maritime Association (WGMA) representing his employer. We review de novo the district court's grant of summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40938

judgment. *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). "A motion for summary judgment is properly granted when competent evidence establishes the absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Id.*; *see* FED. R. CIV. P. 56(a). To overcome summary judgment, Duriso must offer specific facts showing a genuinely contested material issue, and conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence will not suffice. *See Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015).

In this "hybrid" action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Duriso sues the WGMA for breach of the collective bargaining agreement (CBA), and the ILA and Local 21 for breaching the duty of fairly representing him in his grievance against the WGMA. *See DelCostello v. International Bhd. Of Teamsters*, 462 U.S. 151, 164-65 (1983). Under *DelCostello*, Duriso is "bound by the results of the grievance proceeding unless he" proves both that the employer violated the CBA and that the union failed to represent him fairly. *Thomas*, 39 F.3d at 622. Thus, Duriso must show a breach of the duty of fair representation by the ILA and Local 21 in order to recover against any defendant. *See id.* To do that, he must ultimately provide "substantial evidence" that the behavior of the ILA or Local 21 was arbitrary, discriminatory, or in bad faith. *See Freeman v. O'Neal Steel, Inc.*, 609 F.3d 1123, 1127-28 (5th Cir. 1980); *Landry v. Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 852 (5th Cir. 1989).

Duriso has failed to show a genuine issue of material fact with regard to whether the ILA or Local 21 acted with the requisite bad faith by declining to pursue arbitration of his grievance. *See Hemphill*, 805 F.3d at 538; *Landry*, 880 F.2d at 852. Accordingly, both of his claims must fail. *See DelCostello*, 462 U.S. at 164-65. The judgment is AFFIRMED.

2